# 24-7046

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ANTONIO ENRIQUEZ,
Plaintiff-Appellee,

v.

BRIAN WILLIAMS Sr., et al.,
Defendants-Appellants,

and

NEVADA DEPARTMENT OF CORRECTIONS,
Defendant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA,
D.C. No. 3:21-cv-00085-ART-CSD

## MOTION TO RECONSIDER ORDER (Dkt. Entry 6.1) DISMISSING APPEAL

Respectfully submitted by:
AARON D. FORD
Attorney General
CHRIS DAVIS (Nevada Bar No. 6616)
Senior Deputy Attorney General
Office of the Attorney General, State of Nevada
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-9252 (phone)
cwdavis@ag.nv.gov
*Attorneys for Defendants-Appellants*
*Tim Garrett, Gail Waters,*
*Harold Wickham and Brian Williams*

Defendants-Appellants Tim Garrett, Gail Waters, Harold Wickham and Brian William, by and through counsel, Aaron D. Ford, Nevada Attorney General, Chris Davis, Senior Deputy Attorney General, hereby move, pursuant Ninth Circuit Rules 27-10 and Fed. R. Civ. P. 60(b), to reconsider this Court's order (Dkt No. 6.1) dismissing this appeal because Counsel for Appellants inadvertently failed to file a statement explaining why this case should not be dismissed for lack of jurisdiction, as ordered by the Court on November 25, 2024 (Dkt. Entry 3.1). This motion is based on the following Points and Authorities, the good cause set forth in the Declaration of Chris Davis, Esq., and the pleadings and papers filed in this matter.

## **DECLARATION OF CHRIS DAVIS, ESQ.**

I, Chris Davis, declare under penalty of perjury that the following is true and correct of my own personal knowledge and if called to testify in this matter would testify as follows:

1. I am a Senior Deputy Attorney General, now assigned to represent the Appellants as counsel in this matter.

2. Counsel for Defendants-Appellants (Appellate Counsel) is generally assigned all appeals in the Public Safety Division of the Office of the Attorney General. Due to an oversight, however, Appellate Counsel was not assigned this appeal. Due to the substantial nature of Appellate Counsel's workload, and the significant number of cases

1

handled by attorneys in the Public Safety Division, which handles by far the most cases of any division at the Office of the Attorney General, Counsel for Appellant relies on the formal assignment to enter a Notice of Appearance. Accordingly, Appellate Counsel did not initially file a Notice of Appearance which would be the normal practice in appeals.

3. On November 25, 2024, this Court entered an Order indicating that the Court may lack jurisdiction because the notice of appeal may not have been timely filed. Dkt. Entry 3.1 at 1. The Court ordered: "Within 21 days, appellants must either file a motion to voluntarily dismiss this appeal or file a statement explaining why it should not be dismissed." Dkt. Entry 3.1 at 2. Appellate Counsel, however, did not receive a copy of this order because Appellate Counsel had not yet been assigned and had not yet appeared in this matter. District Court Counsel, however, inadvertently failed to respond because District Court Counsel assumed that Appellate Counsel would respond, which would have been the normal practice had Appellate Counsel been formally assigned the case.

4. Because the statement was not filed within 21 days, this Court dismissed this appeal on January 7, 2025. Dkt. Entry 6.1.

5. On the morning of January 8, 2025, Appellate Counsel was first informed of the Court's order requiring the statement and the order dismissing the appeal.

2

6. Appellate Counsel immediately filed a Notice of Appearance and began working on the motion to reconsider dismissal, due to "mistake, inadvertence, surprise, or excusable neglect."

DATED January 8, 2025.

By: /s/ Chris Davis
CHRIS DAVIS
Senior Deputy Attorney General
Counsel for Appellants

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Reconsideration Is Warranted Due to Excusable Neglect**

In *National Resources Def. Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013), this Court held that a "court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties." Pursuant to Fed. R. Civ. P. 60(b)(1), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." While Rule 60(b) does not expressly apply to appellate courts, this Court may exercise it inherent authority to effectuate the "strong policy" that cases are "decided upon their merits whenever reasonably possible," and remedy a default caused by "excusable neglect." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986).

3

In *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000), this Court recognized that the Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993), held "'excusable neglect' covers negligence on the part of counsel." The "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223–24.

The prejudice to Appellee is minimal. The deadline for Appellants' opening brief is still more than a month away, and therefore Appellee should not be prejudiced at all. Dkt. Entry 2.1. Suffering the loss of a "quick victory" does not establish the required prejudice. *Id.* at 1225.

The length of delay, and its potential impact on the judicial proceedings, is also minimal. Appellants moved for reconsideration within hours of Appellate Counsel learning of the inadvertent mistake.

The reason for the delay also supports granting reconsideration. But for the oversight that Appellate Counsel was not assigned this appeal, as the normal practice, Appellate Counsel would have timely appeared in this action. Appellate Counsel then would have received

this Court's order requesting the statement, calendared the deadline, and timely responded. Even with Appellate Counsel's substantial workload, and the significant number of cases handled by attorneys in the Public Safety Division, the oversight was remedied the same day it was discovered.

Moreover, Appellants-Defendants are blameless and they should not be penalized, by losing their right to an interlocutory appeal on the issue of qualified immunity, as a result of Appellate Counsel's inadvertent mistake. Because the equities overwhelmingly weigh in favor of reconsideration, this Court should grant Appellants' motion for reconsideration.

## II. Appellants Timely Filed Their Appeal and Therefore This Court Has Jurisdiction

This Court has jurisdiction because Defendants-Appellants Tim Garrett, Gail Waters, Harold Wickham and Brian William timely filed their notice within the mandatory and jurisdictional deadline set forth in Fed. R. App. P 4(a)(1). Rule 4 requires that notice of appeal "must be filed with the district court clerk within 30 days after the ***entry*** of the judgment or order appealed from." On Friday, October 18, 2024, the district court filed its order (ECF No. 81), granting Plaintiff's motion for reconsideration, which rejected Defendants defense of qualified immunity and thereby entered judgment in favor of Plaintiff as a

5

matter of law. Thirty (30) days from October 18th, was Sunday, November 17, 2024. Because the 30 days from October 18th fell on Sunday, pursuant to Fed. R. App. P. 26(a)(1)(C), the deadline to file the notice of appeal "continued to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which was at the soonest, Monday, November 18, 2024. Defendants-Appellants therefore timely filed their Notice of Appeal on November 18, 2024. ECF No. 83.

This Court, however, also appears to indicate that this Court lacks jurisdiction because the Court mistakenly supposes that the district court's order granting Plaintiff's motion for reconsideration "does not appear to have made a new determination regarding qualified immunity." Dkt. Entry 3.1 at 2. When denying the parties' competing motion for summary judgment, the district court expressly found that there were "genuine issue[s] of material fact, . . . which leads to the denial of both summary judgment motions." ECF No. 59 at 7:28 – 8:3, 8:16-19. Upon reconsideration, the district court found that the "record supports summary judgment on the second element of [Plaintiff's] second element of his Free Exercise claim" and granted summary judgment is on his RLUIPA claim. ECF No. 81 at 5:4-5, 6:27 - 7:1. The district court therefore granted "Plaintiff's motion for summary on the substantial burden element of his free exercise claim and his entire RLUIPA claim." ECF No. 81 at 9:5-7. Accordingly, the district court

6

amended its judgment to eliminate one of the elements Plaintiff is required to establish at trial, and granted judgment to Plaintiff on a claim that had previously been denied.

In *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), this Court held that resolving dispositive motions "based on qualified immunity" requires conducting an "individualized analysis . . . , examining each of the . . . elements of the alleged" cause of action, when determining whether the law was clearly established. Accordingly, the district court now holds, unlike its original order, that the law was clearly established that Plaintiff met the second element of Plaintiff's Free Exercise claim." Also unlike the original order, the district court now holds that Plaintiff is entitled to judgment on his RLUIPA claim.

*In Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211–12 (1952), the Supreme Court held "when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken . . . . begin to run anew." The Court provided a "practical" test: whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Id.* at 211. In *United States v. Doe*, 374 F.3d 851, 854 (9th Cir. 2004), this court held that when an "amended judgment that revises legal rights or

7

obligation," an "appeal [is] timely even though it related to an issue that was not altered by the amended judgment."

In its original order, the district court settled that Plaintiff had failed to establish that he was entitled to judgment as matter of law with respect to the second element of his Free Exercise claim and with respect to his entire RLUIPA claim. When granting the motion for reconsider, the district court revised Defendants' legal right by not only holding that the law was clearly established that Plaintiff met the second element of Plaintiff's Free Exercise claim," as a matter of law, the district court granted summary judgment to Plaintiff on his RLUIPA claim. Either one of these changes of substance is sufficient to restart the clock for filing a notice of appeal with respect to qualified immunity. *Doe*, 374 F.3d at 854.

Accordingly, because the district court changed matters of substance in the judgment previously rendered, the time to file the appeal began to run anew. As Defendants timely filed their notice of appeal after the district court changed matters of substance, Defendant's appeal is not only timely with respect to the motion for reconsideration, but also with respect to the original order denying both competing motions for summary judgment.

## III. CONCLUSION

For the forgoing reasons, this Court should reconsider the dismissal of Defendants' appeal because the failure to timely file the statement required by this Court's order was due to excusable neglect, and the statement provided in this motion for reconsideration establishes that this Court has jurisdiction.

Respectfully submitted January 8, 2025.

> AARON D. FORD
> Attorney General
>
> By: /s/ *Chris Davis*
> Chris Davis (Bar No. 6616)
> Senior Deputy Attorney General
>
> *Attorneys for the Defendants-Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MOTION TO RECONSIDER ORDER (Dkt. Entry 6.1) DISMISSING APPEAL** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate electronic system on January 8, 2025.

Participants in the case who are registered users will be served by the appellate electronic system as follows:

Andrew Wong, Esq.
Vegas Golden Law
500 Rose Street
Las Vegas, NV 89106
vegasgoldenlaw@gmail.com

*Counsel for Plaintiff-Appellee*

        /s/ *Chris Davis*
        An employee of the Office of the
        Nevada Attorney General

10