ANDREW WONG, ESQ.
Nevada Bar No. 14133
VEGAS GOLDEN LAW
500 Rose Street
Las Vegas, NV 89106
Phone (702) 385-7170
Email: vegasgoldenlaw@gmail.com

Attorneys for Antonion Enriquez

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Ninth Circuit Case No. 24-3277 |
| Plaintiff, | District Court Case No. 2:21-CR-251-JCM-NJK |
| v. | |
| ANTONIO ENRIQUEZ, | **RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL** |
| Defendant. | |

On January 8, 2025, the Defendants moved this Court for reconsideration of an order dismissing their appeal. Apart from references to an "oversight" and "attorney workload," the Defendants do not explain why they did not respond to an order requesting a jurisdictional statement, despite having over a month to do so. Now, the Defendants move the Court to reconsider its dismissal order on an issue that the District Court finally decided nearly two years ago. This Court should deny the motion for reconsideration and dismisl the appeal.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE DEFENDANTS CANNOT ESTABLISH EXCUSABLE NEGLECT FOR FAILING TO FILE A TIMELY STATEMENT OF JURISDICTION.**

"[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether

the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

In *Bateman*, plaintiff's counsel requested the defendant delay filing its motion for summary judgment before leaving for a family emergency in Nigeria. 231 F.3d at 1222. The defendant did not agree to the delay and timely filed its motion for summary judgment. *Id.* After the plaintiff's response deadline passed without a response filed, the Court granted defendant's motion for summary judgment. *Id.* Twelve days after summary judgment was granted, plaintiff's counsel moved for reconsideration. *Id.* at 1223. When the district court declined to reconsider its ruling, plaintiff's counsel appealed the denial of his motion for reconsideration. *Id.*

On appeal, the Ninth Circuit noted that "[t]he [district] court would have been within its discretion if it spelled out the equitable test and the concluded that Eneziem had failed to present any evidence relevant to the four factors. *Bateman*, 231 F.3d at 1224. After analyzing the four excusable neglect factors and finding "[t]he reasons for the delay is, admittedly, weak," the Ninth Circuit remanded with instructions to grant the motion for reconsideration. *Id.* at 1225.

Here, the Defendants have not established excusable neglect sufficient to warrant reconsideration of this Court's order dismissing their appeal. The Defendants claim an administrative "oversight" prevented appellate counsel from being immediately assigned to this appeal and cites the "substantial nature of Appellate Counsel's workload" as a reason that no notice of appearance or response was timely filed.

Unlike the moving party in *Bateman*, the Defendants are represented by the Attorney General's Office for the State of Nevada. The motion does not explain why the oversight occurred, why Defendants' trial counsel, who were listed as counsel of record on this appeal, did not correct the oversight as the initial deadline approached, or why Defendants' counsel did not ask undersigned counsel for an extension.

2

Litigation in the underlying case has been ongoing for almost four years, and it has been nineteen months since the district court entered its order denying the Defendants qualified immunity. Dist. Ct. ECF No. 59. Mr. Enriquez would be prejudiced, and the already lengthy proceedings would be further delayed, if this Court allowed the Defendants to relitigate an issue that was decided by the District Court almost two years ago. Indeed, only after Mr. Enriquez's obtained a favorable ruling on summary judgment did the Defendants reraise the issue of qualified immunity in their notice of appeal.

If the reason for delay in *Bateman*, an international family emergency, was "weak," the Defendants' reasons for its neglect in this appeal are even less compelling. This Court should deny the motion for reconsideration.

**II. THE DEFENDANTS WAIVED ANY CHALLENGE TO THE DENIAL OF THEIR QUALIFIED IMMUNITY CLAIM BY WAITING NEARLY TWO YEARS TO APPEAL THE DISTRICT COURT'S ORDER.**

"Generally, denials of summary judgment are not appealable." *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). "The Supreme Court has recognized a narrow exception for a district court's denial of qualified immunity." *Id.* "The reasoning behind this departure from the general rule is that qualified immunity is 'an immunity from suit rather than a mere defense to liability; … it is effectively lost if a case is erroneously permitted to go to trial." *Id.* "A defendant's interest in immediately appealing the district court's denial of qualified immunity was an interest in avoiding 'standing trial or facing the other burdens of litigation.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

"[Q]ualified immunity can be waived by a defendant when not raised in pre-trial summary judgement proceedings." *Pullano v. CCDC Guard*, 2013 U.S. Dist. LEXIS 586658 *7, 2:10-cv-335-MMD-VCF (April 24, 2013).

Here, the Defendants waived any appeal of the denial of qualified immunity ruling when they did not appeal within 30 days of the District Court's June 16, 2023 order. In the

3

underlying case, the Defendants did not move to dismiss Mr. Enriquez's lawsuit, although they did raise bare qualified immunity claims as their fourth and fifth affirmative defenses in their answer. Dist. Ct. ECF No. 17 at 6. The Defendants again raised qualified immunity in their motion for summary judgement, which the Magistrate Judge rejected after analysis, Dist. Ct. ECF No. 52 at 23, and the District Court adopted in full over the defendants' objections. Dist. Ct. ECF No. 59. Having obtained a final ruling on their qualified immunity claim, the defendants should have appealed. They did not. Instead, they continued to litigate with Mr. Enriquez for another year. They have waived any appeal to the denial of qualified immunity.

Additionally, Mr. Enriquez's motion for reconsideration did not "open the door" for reconsideration of the qualified immunity ruling. Undersigned counsel was appointed to represent Mr. Enriquez in July 2024. To narrow the issues for trial, undersigned counsel moved for reconsideration of the denial of Mr. Enriquez's motion for summary judgement on two of his three First Amendment claims. Dist. Ct. ECF No. 75. The defendants responded with procedural objections; they did respond to the substance of Mr. Enriquez's arguments, mention qualified immunity, or file a cross-motion for reconsideration of their qualified immunity claims. Dist. Cr. ECF No. 76. The only mention of qualified immunity since Mr. Enriquez has been represented by counsel was in the defendants' notice of appeal. Dist. Ct. ECF No. 83. By not promptly appealing the district court's June 2023 denial of qualified immunity, the defendants waived their appeal on that issue.

The defendants' citation to authority, *United States v. Doe*, 374 F.3d 851 (9th Cir. 2004), which holds that the appellate window is "reset" if a district court's order "revises legal rights or obligations" is inapplicable to their untimely qualified immunity appeal. In *Doe*, the Ninth Circuit held a criminal defendant could challenge his restitution orders on a second appeal even though the district court's resentencing, which reduced his custodial sentence from thirty months to eight months, did not disturb the original restitution orders.

374 F.3d at 854. The Ninth Circuit found jurisdiction over Doe's appeal "[b]ecause the District Court 'revised legal rights and obligations' in changing Doe's sentence." *Id.*

There is no greater revision of legal rights and obligations than altering a criminal defendant's custodial sentence. *See Doe*, 374 F.3d at 854. The Defendants' claim that their legal rights and obligations were revised fall far short of this standard.

The District Court's order granting Mr. Enriquez relief under RLUIPA and finding in his favor on two of the three elements of his Free Exercise claim did not "revise the [defendants] legal rights and obligations." Since June 16, 2023, the Defendants have known they are not immune from suit based on the qualified immunity doctrine. Their legal rights and obligations, namely to continue to litigate Mr. Enriquez's claims to final resolution, have not changed since that date.

This Court's correctly observed that it lacked jurisdiction over the Defendants' appeal. They attempt to circumvent the bar against appeal of the denial of summary judgment by cloaking it in qualified immunity language. Their attempt should fail because the opportunity to appeal the narrow issue of the denial of qualified immunity has long passed. This Court should dismiss the Defendants' appeal as untimely and for want of appellate jurisdiction.

By: /s/ *Andrew Wong*
     Andrew Wong
     Attorney for Antonio Enriquez

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that he is an employee of Vegas Golden Law and is a person of such age and discretion as to be competent to serve papers.

That on January 21, 2025, he served an electronic copy of the above and foregoing **RESPONSE TO MOTION FOR RECONSIDERATION** by electronic service (ECF) to the person named below:

> AARON D. FORD
> Attorney General for the State of Nevada
> CHRIS DAVIS
> Deputy Attorney General
> 1 State of Nevada Way, Suite 100
> Las Vegas, NV 89119

>  /s/ Yi Lin Zheng
>  Employee of Vegas Golden Law